UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Synthetic Oils & Lubricants of Texas, Inc. | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-4:07-cv-03276 |
| | § | |
| Essex Insurance Company, et al. | § | |
| Defendants. | § | |

**ASPEN AND ENDURANCE'S RESPONSE
TO PLAINTIFF'S OBJECTIONS TO, AND MOTION FOR REVIEW OF,
DEFENDANTS' BILLS OF COSTS AND CLERKS' COST AWARDS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, ASPEN SPECIATLY INSURANCE COMPANY and

ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY f/k/a TRADERS

AND PACIFIC INSURANCE COMPANY (hereinafter, collectively, "Defendants") and

respond to Plaintiff SYNTHETIC OILS & LUBRICANTS OF TEXAS, INC. Objections

to, and Motion for Review of, Defendants' Bills of Costs and Clerks' Cost Awards as

follows:

**I.
ADJUSTMENT TO AMOUNT SOUGHT**

1.      Defendants Aspen and Endurance filed their Bill of Costs seeking

$37,571.67 in actual and necessary costs incurred in this action.  Defendants agree to

withdraw the request for reimbursement of its trial technology consultant ($8,307.18) and

for reimbursement of the mediator fee ($600).  Defendants therefore reduce their Bill of

Costs by $8,907.18.  **Defendants request the Court to award Aspen and Endurance $28,664.39 as costs pursuant to Federal Rule of Civil Procedure 54(d)(1).**

## II.
## AS TO REMAINING COSTS

2.      This Court has *broad* discretion in determining the appropriateness of an award of costs.  *Gaddis v. U.S.*, 381 F.3d 444, 459 (5th Cir. 2004) (emphasis added); *see Jensen v. Lawler*, 338 F.Supp.2d 739, 744 (S.D. Tex. 2004) ("A district court generally has wide discretion in awarding costs.").  "The Fifth Circuit strongly presumes that costs will be awarded to the prevailing party."  *Turner v. Oxford Mgmt. Servs., Inc.*, 552 F.Supp.2d 648, 656 (S.D. Tex. 2008).    Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 54(d)(1), costs are to be awarded to the prevailing party as a matter of course.  *Jensen*, 338 F.Supp.2d at 744.  Plaintiff does not dispute Defendants were the prevailing party in this litigation.  This Court should award Defendants the costs listed in its Bill of Costs because the expenses are allowable cost items and the costs were reasonable in amount and necessary to the litigation.  *Id.* at 745.  The costs were incurred by Defendants as a result of being required to defend themselves against Plaintiff's claims.  *Reyes v. Tex. Ezpawn, L.P.*, 2007 WL 4530533 *2 (S.D. Tex. 2007).  Plaintiff took the risk when it filed the lawsuit that the court may order it to pay Defendants costs if it was not the prevailing party.  *Id.*

3.      Plaintiff argues Defendants should only be awarded the costs listed in 28 U.S.C. § 1920.  The Fifth Circuit disagrees, and has previously held the listings in the statute [28 U.S.C. § 1920] are not exclusive.  *Copper Liquor, Inc. v. Adolph Coors Co.*,

684 F.2d 1087, 1098 (5th Cir. 1982).  "Some expenditures not listed in § 1920 may be taxed as costs if allowed by a local rule of court or by the custom in a particular district." *Id.*  A district judge has discretion to "sparingly exercise with reference to expenses not specifically allowed by statute."  *Id.*

**Process server fees**

4.      Plaintiff argues process server fees are not recoverable.  Plaintiff cites one case from the Eighth Circuit courts as support of this proposition.  Unfortunately, because the process server fees were reasonable and necessary to the case, Plaintiff's argument fails and the Court should award these costs to Defendants.  *See Waggoner v. Trans Union, LLC*, 2003 WL 22838718 *2 (N.D. Tex. 2003); *Turner*, 552 F.Supp.2d at 657; *see LeWallen v. City of Beaumont*, 2009 WL 2175637 *16 (E.D. Tex. 2009).   Texas courts recognize today that service is mainly accomplished by a private process server, rather than the marshal, and the costs associated with using a private process server are recoverable.  *Denner v. Tex. Dept. of Criminal Justice*, 2007 WL 294191 *6 (W.D. Tex. 2007).  "The costs of a private server's fees are recoverable to the extent the server's costs would have been incurred had the marshal effected service."  *Id; Compton v. Taylor, P.C.*, 2006 WL 1789045 * 3 (S.D. Tex. 2006).  The private process server fees were reasonable and necessary to this case and should be awarded to Defendants.  *See Waggoner*, 2003 WL 22838718 * 2.   Defendants should be awarded the process server fees related to service of deposition and trial subpoenas.  To the extent David Brandt's testimony became unnecessary when Soltex elected to call Joe Armstrong live, the point is irrelevant as Brandt's testimony was perceived as necessary and all efforts to serve him

3

with subpoena accordingly were necessary.

**Document Costs**

5.     These costs were necessary for Defendants' use during the litigation of this matter and should be recovered by Defendants.  *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).  Defendants had to copy and manage more than 10,000 pages of documents produced by Plaintiff, co-Defendant Essex, by the EPA in response to a Freedom of Information Act request and by various third parties who responded to various subpoena duces tecums.  The costs incurred by Defendants for copying and scanning documents for use in litigation are recoverable under 28 U.S.C. 1920(4).  The copying of documents into electronic format, both for production and for case management, were not done for the convenience of counsel, but were necessary for litigation of the case.  Texas courts have held the cost of scanning document for use in electronic format is recoverable under 28 U.S.C. § 1920(4) when it was necessary for use in the case.  *See Roehrs v. Conesys, Inc.*, 2008 WL 755187 *3 (N.D. Tex. 2008).  Costs for documents produced in response to discovery are reasonably necessary for Defendants defense and should be recovered by the prevailing party.  *See Waggoner v. Trans Union, LLC.*, 2003 WL 22838718 (N.D. Tex. 2003).  As the prevailing party, Defendants are entitled to recover the costs associated with documents produced in fulfilling discovery obligations.  *Harris Corp. v. Sanyo N. Am. Corp.*, 2002 WL 356755 * 1 (N.D. Tex. 2002).  These fees incurred by Defendants were reasonable and necessary for use during this trial, and Defendant should be awarded these fees.

**Deposition Excerpts**

      6.     Plaintiff argues Defendants should not recover the costs related to preparing depositions for use during trial because Defendants only used a one minute clip from one deposition during trial. But deposition excerpts had to be prepared not only for Phase I of the trial concerning breach of contract, but also for the event a Phase II trial concerning extra contractual duties was deemed necessary. A prevailing party is entitled to recover the costs of using a deposition that was "necessarily obtained for use in the case." *See Nisshoiwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984). Costs related to the use of a deposition are not disallowed merely because the deposition was not used at trial or in connection with a dispositive motion. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Defendants reasonably expected to use more deposition testimony during the trial, especially in the event a phase II trial was deemed necessary. Because there was a reasonable expectation that the depositions would be used for trial, the costs related to them are recoverable. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). These fees incurred by Defendants were reasonable and necessary for use during this trial and Defendant should be awarded these fees.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants, ASPEN SPECIALTY INSURANCE COMPANY and ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, f/k/a TRADERS AND PACIFIC INSURANCE COMPANY request the Court overrule Soltex's Objections to its Bill of Costs and pray for all and such other further relief to which they may be justly entitled under equity or law.

Respectfully submitted,

**DONATO, MINX & BROWN**

*s/ Mark A. Youngjohn*
Robert D. Brown
Attorney in Charge
Federal I.D. No. 12854/State Bar No.  03164715
Mark A. Youngjohn
Federal ID No. 431054/State Bar No. 24028247
Brook F. Minx
Federal ID No. 18723/ State Bar No. 00789905
3200 Southwest Freeway, Ste 2300
Houston, TX 77027
Tel: (713) 877-1112
Fax: (713) 877-1138

ATTORNEYS FOR DEFENDANTS ASPEN
SPECIALTY INSURANCE COMPANY and
ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY, f/k/a TRADERS AND
PACIFIC INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record via electronic filing on this the 30th day of October 2009:

> Bradley M. Whalen
> Katherine Anne Wade
> Doyle, Restrepo, Harvin & Robbins
> 600 Travis, Ste 4700
> Houston, TX  77002
> Tel: (713) 228-5100
> Fax: (713) 228-6138
> ATTORNEYS FOR PLAINTIFF,
> SOLTEX
>
> James M. Tompkins
> Ron T. Capehart
> Galloway, Johnson, Tompkins, Burr & Smith
> 1301 McKinney, Ste 1400
> Houston, TX  77010
> Tel: (713) 599-0700
> Fax: (713) 599-0777
> ATTORNEYS FOR DEFENDANT,
> ESSEX INSURANCE COMPANY

> *s/ Mark A. Youngjohn*
> Mark A. Youngjohn

7